**Kobra SAJEDI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

**No. 03–71445.**

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 9, 2004.*

Decided Aug. 17, 2004.

---

Marc J. Wigul, Esq., Korenberg, Abramowitz and Feldun, Sherman Oaks, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Douglas E. Ginsburg, John D. Williams, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

---

*This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, RAWLINSON, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Kobra Sajedi, a native and citizen of Iran, petitions for review of the Board of Immigration Appeals' ("BIA's") affirmance of the Immigration Judge's ("IJ's") denial of her application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). "Where, as here, the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision." *Singh v. Ashcroft*, 301 F.3d 1109, 1111 (9th Cir.2002). We deny the petition.

█ Petitioner failed to timely file her application for asylum, as she arrived in the United States on June 24, 1996, but did not file her application for asylum until April 15, 1998. *See* 8 C.F.R. § 208.4(a)(2)(ii) (noting that the deadline for applying for asylum falls one year after the alien's arrival in the United States or on April 1, 1998, whichever is later). We lack jurisdiction to review the BIA's determination that no extraordinary circumstances excused Petitioner's delay. *See Molina–Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir.2002).

█ Substantial evidence in the record supports the BIA's conclusion that Petitioner lacked credibility and therefore failed to establish her eligibility for withholding of removal. *See Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001) (setting forth the standard of review). Petitioner omitted from her otherwise-detailed application several crucial incidents that emerged at her hearing. Significantly, Petitioner did not mention in her application her claims that her house was confiscated and that she was arrested and beaten on several occasions and required medical attention. These details go to the heart of her claim, *see id.; Singh*, 301 F.3d at 1111, and Petitioner did not offer a satisfactory explanation for their earlier omission. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254 (9th Cir.2003). Because we agree with the BIA's adverse credibility determination, we deny the petition.

**PETITION DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

